# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>RHONDA JEANETTE LAPIER,<br><br>       Defendant. | CR-21-52-GF-BMM<br><br>**ORDER** |

Defendant Rhonda Jeanette Lapier has moved for early termination of her current term of supervised release. (Doc. 175.) The Court conducted a hearing on Lapier's motion on January 8, 2026. (Doc. 178.) The Government does not oppose the motion. (*Id.*) The Court advised Lapier that the Court will grant Lapier's motion on June 3, 2026, if Lapier remains violation free.

Lapier plead guilty to possession with intent to distribute methamphetamines in violation of 18 U.S.C. §§ 841(a)(1). (Doc. 13.) The Court sentenced Lapier to the custody of the Bureau of Prisons on February 16, 2022, for a term of 66 months' imprisonment with 4 years of supervised release to follow. (Doc. 86.) Lapier began her term of supervised release on June 3, 2024. (Doc. 176 at 2.)

Federal law authorizes a defendant to move for termination of their supervised release after successfully completing one year if the Court is satisfied that such

1

action remains "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court must consider the factors in 18 U.S.C. § 3553(a) when evaluating whether to terminate a term of supervised release.

The Court finds that the factors in 18 U.S.C. § 3553(a) support an early termination of Lapier's supervised release. Adequate punishment has been imposed that reflects the seriousness of Lapier's offense. Lapier served her term of imprisonment. Lapier has completed a year and a half of her supervised release term. Lapier is scheduled to discharge from supervised release on June 2, 2028. (Doc. 176 at 2.)

Adequate deterrence also appears to have been achieved. Lapier has had no reported violations or noncompliance since beginning supervision on June 3, 2024. (*Id*. at 2.) Lapier's United States Probation Officer stated that "while this is slightly earlier than I generally see [Lapier] has done well under supervision." (*Id*.) Lapier's Probation Officer supports her motion for early termination. (*Id*.) Lapier began working for The Rocky Mountain Treatment Center in July of 2024 as a cook and now serves as an administrative assistant. (*Id*. at 2-3.) Lapier's employers and co-workers speak highly of her. (*Id*.) Lapier's daughter also commends her mother for working through her addiction. (*Id*. at 3.)

Further supervision appears unnecessary to protect the public from further criminal behavior by Lapier. The early termination of Lapier's supervised release

comports with the § 3553(a) factors and proves "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).

Accordingly, **IT IS HEREBY ORDERED** that Lapier's Motion for Early Termination of Supervised Release (Doc. 175) will be **GRANTED** on June 3, 2026 if Lapier remains violation free.

DATED this 8th day of January, 2026.

_____
Brian Morris, Chief District Judge
United States District Court